Matthias, J.
The question presented by the record in this case is whether this action was commenced within the time required by law. The lim *276 itation of time within which an action to contest a will may be commenced is fixed by Section 12087, General Code, as one year after the will is admitted to probate.
Section 10531, General Code, provides as follows: “If, within one year after probate had, no person interested appears and contests the validity of the will, the probate shall be forever binding, saving, however, to infants., and persons of unsound mind, or in captivity, the like period after the respective disabilities are removed.”
It was held by this court in the case of McVeigh v. Fetterman, 95 Ohio St., 292, that “The right is conferred by statute upon any person interested in a will or codicil admitted to probate to institute an action to contest its validity, but the right thus granted is subject to the condition imposed that it shall be exercised within the period prescribed by statute.” The court, therefore, has no jurisdiction to entertain an action to contest a will which is commenced subsequent to the limitation of time prescribed by statute.
It is therefore manifest that this, action cannot be maintained unless commenced within one year after May 3, 1918, the date upon which such will was admitted to probate. When is an action commenced? This question is answered by Section 11230, General Code, which provides as follows: “An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be *277 deemed to be commenced at tbe date of tbe first publication, if it be regularly made.”
Pursuant to the direction of tbe precipe filed with tbe petition, directing issuance and service of summons upon tbe executor, sucb summons was duly issued and served, but no precipe was filed directing summons to be issued and served upon any other defendant, and none of them waived tbe issuance and service of summons or entered bis appearance, nor was any effort made, by tbe filing of an affidavit or otherwise, to procure service by publication until November 4, 1919, six months subsequent to tbe filing of tbe petition. Therefore, unless tbe issuance and service of summons upon tbe executor named as a defendant in tbe action constituted a commencement of tbe action against bis codefendants, it was not commenced against them within the time required by Section 12087, General Code, nor would it come within tbe curative provisions of Section 11231, General Code, which provides that “Within tbe meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when tbe party diligently endeavors to procure a service, if sucb attempt be followed by service within sixty days.” We, therefore, come to tbe essential and determinative question in this case: Was tbe action commenced against tbe other defendants by tbe issuance of summons for tbe excutor, which was afterwards duly served?
Section 12080, General Code, which has reference to tbe necessary parties in an action to contest a will, provides that “All the devisees, legatees, and heirs of tbe testator, and other interested persons, *278 including the executor or administrator, must be made parties to the action.”
Counsel for plaintiff in error urges that since under the provisions of this section the executor is a necessary party it must be concluded that he is a codefendant “united in interest” with the various other defendants in the action, and therefore that the action was commenced as to all of said defendants at the date of the summons which was served on the executor.
This contention, however, ignores absolutely the significance of the term “united in interest.” The issuance of summons for a defendant afterwards duly served does not operate to fix the time of commencing an action as to all codefendants, for the ■statute has specifically provided that it has such effect only as to a codefendant “who is a joint contractor, or otherwise united in interest with him.” Hence the mere fact that one is a necessary party, made so by the statute, does not make him a party “united in interest” with other necessary parties defendant. Under the provisions of Section 12080, General Code, all “interested persons” are necessary parties to the action to contest a will — the devisees, legatees and heirs, and the executor or administrator being specifically named as such. But it cannot be held that the heirs are necessarily “united in interest” with the legatees and devisees under a will. Indeed, usually they are not, and that is the situation here. Whatever “united in interest” may mean, it cannot refer to adverse interests. Surely no one would claim that an heir, who is not a devisee or legatee under the will, is “united in interest” with a devisee or legatee who is not an heir, *279 nor could anyone who would he benefited by setting-aside the will be held to be “united in interest” with one who would be benefited only if the will were sustained. The word “united” means joined or combined, made one; allied. “United in interest” means identity of interest, and that can exist only as to parties who would be similarly affected by the same general result of the litigation — in this instance, those benefited by the sustaining of the will, or those benefited by setting it aside. Codefendants are “united in interest” therefore only when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action. The only theory, upon which it is claimed that the executor is “united in interest” with a devisee or legatee named in the will is that both are concerned in having the will sustained, but of course that cannot be true as to a devisee or legatee who is an heir and who as such would be more greatly benefited if the will were set aside. Unless it be conceded that the executor is interested in setting aside the will he has no “unity of interest” with an heir of the testator who is. not named in the will, or who, though a legatee, will receive greater benefit if the will be held invalid.
The fact that one is a necessary party to the action does not make him “united in interest” with every codefendant who is a necessary party. The term “interested persons,” as used in Section 12080, General Code, has been given a very broad meaning and wide application. This court held in the case of Bloor v. Platt, 78 Ohio St., 46, that a judgment creditor of an heir who has obtained a lien by levy on property, which, in the absence of a will, would *280 be the property of the debtor heir by descent, is a person interested in a contest of a will disposing of such property to a person other than such heir. In Sears v. Stinehelfer, 89 Ohio St., 163, this court held that where the devisees of real estate transfer it after the probate of the will by which it was devised, the grantee is an “interested person” within the meaning of Section 12080, General Code, and a necessary party in an action subsequently brought to contest the validity of the will. A judgment creditor of an heir and the grantee of a devisee under the will might, therefore, be necessary parties to the contest of a will, and codefendants, but they would not be “united in interest,” for their interests necessarily would be antagonistic.
We do not think in this case the executor can be said to be “united in .interest” with either of the classes of defendants above referred to. “An executor is not bound to assume the burden of the defense of a contest of the will by the heirs at law, but may properly throw the same upon the legatees or devisees.” Executors of Andrews v. His Administrators, 7 Ohio St., 143.
The management of the estate pending settlement and distribution thereof would not be affected by the result of the action to contest the will. The only ultimate question involved is the manner of the division of the property left by the testator, and, though the issue made and submitted is the validity of the will, the real purpose and actual result is the determination of the rights of the respective parties to the property left by the testator.
The executor not being “united in interest” with his codefendants, action against the latter was not *281 commenced by the issuance of summons, for the executor. The motion to dismiss was., therefore, properly sustained, and the court of appeals was right in affirming that judgment.

Judgment -affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.